## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

DOUGLAS ISAACSON,

      Plaintiff,

v.                                                                    No. 3:21-cv-00057-ARS

NOVARTIS PHARMACEUTICALS
CORPORATION,

      Defendant.

### PLAINTIFF'S MOTION TO STAY

COMES NOW, Plaintiff Douglas Isaacson, and for his motion to stay, states as follows:

1.      Plaintiff respectfully moves this Court to stay all discovery and other proceedings pending the resolution of the motion to transfer under 28 U.S.C. § 1407 by the Judicial Panel on Multidistrict Litigation ("JPML").  The motion under section 1407, which has been called for hearing July 29, 2021, if granted, will result in the transfer and coordination of 19 similar federal Tasigna products liability cases currently pending in 12 federal districts.

2.      Plaintiff believes there is a high probability that the motion to transfer will be granted, especially given that over 160 similar Tasigna products liability cases pending in New Jersey state court were recently transferred and consolidated before a single judge in New Jersey under the state's multi-county litigation ("MCL") rules.  This New Jersey MCL consolidation, together with the requested federal consolidation, creates a unique opportunity for a coordination of the global Tasigna products liability litigation, which will create many efficiencies that will greatly benefit all courts and parties involved, as well as eliminate the potential for conflicting rulings in different courts on the same issues.

3.      The interests of judicial economy strongly favor a stay of these proceedings pending resolution of the motion to transfer.  The collective plaintiffs in all pending Tasigna products liability cases are at an impasse with Defendant Novartis Pharmaceuticals Corporation ("Novartis") regarding Novartis's production of what will likely be millions of corporate documents and, absent a stay, would be forced to seek court intervention immediately.  If the motion to transfer is granted, one federal judge will rule on these production issues, hopefully in coordination with the New Jersey MCL judge.

4.      Absent a stay, Plaintiff will be forced to file a complicated motion to compel in this case, simultaneous with similar motions to compel filed by other Tasigna plaintiffs in other federal courts.  This will require significant judicial resources across multiple courts and will undoubtedly lead to inconsistent rulings.  Only a stay can avoid this potential waste of resources and the short delay contemplated—of less than 60 days—will result in no prejudice to Novartis.

5.      Plaintiff's counsel has met and conferred with Novartis's counsel to seek agreement on a stay, but they have indicated that Novartis will oppose any efforts to stay the case.

6.      In further support of this motion, Plaintiff incorporates its supporting Memorandum of Law and the Declaration of Raymond C. Silverman filed simultaneously herewith.

WHEREFORE, Plaintiff requests this Court issue an order staying all proceedings pending the resolution of the motion to transfer under section 1407 and for any other relief the Court deems just and proper.

Dated: June 22, 2021

Respectfully submitted,

 /s/ Raymond C. Silverman
Raymond C. Silverman
**Parker Waichman LLP**
6 Harbor Park Drive
Port Washington, New York 11050
Ph: 516-466-6500
Facsimile: 516-466-6665
rsilverman@yourlawyer.com

Tatum O'Brien, Esq. (ND ID #05985)
**O'KEEFE O'BRIEN LYSON FOSS ATTORNEYS**
720 Main Avenue
Fargo, ND  58103
Telephone: 701-235-8000
tatum@okeeffeattorneys.com


*Attorney for Plaintiff*