IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| DOUGLAS ISAACSON, <br><br> Plaintiff, <br><br> v. <br><br> NOVARTIS PHARMACEUTICALS CORPORATION, <br><br> Defendant. | No. 3:21-cv-00057-ARS |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY**

Plaintiff Douglas Isaacson respectfully moves this Court to stay all discovery and other proceedings pending the resolution of the motion to transfer under 28 U.S.C. § 1407 by the Judicial Panel on Multidistrict Litigation ("JPML"). The motion under section 1407, which has been called for hearing July 29, 2021, if granted, will result in the transfer and coordination of the 19 federal Tasigna products liability cases currently pending in 12 federal districts. Plaintiff believes there is a high probability that the motion to transfer will be granted, especially given that over 160 Tasigna products liability cases pending in New Jersey state court were recently transferred and consolidated before a single judge in New Jersey under the state's multi-county litigation ("MCL") rules. This New Jersey MCL consolidation, together with the requested federal consolidation, creates a unique opportunity for coordination of the global Tasigna products liability litigation, which will create many efficiencies that will greatly benefit all courts and parties involved, as well as eliminate the potential for conflicting rulings in different courts on the same issues.

The interests of judicial economy strongly favor a stay of these proceedings pending resolution of the motion to transfer. The collective plaintiffs in all pending Tasigna products

1

liability cases are at an impasse with Defendant Novartis Pharmaceuticals Corporation ("Novartis") regarding Novartis's production of what will likely be millions of corporate documents and, absent a stay, would be forced to seek court intervention immediately. If the motion to transfer is granted, however, one federal judge will rule on these production issues, hopefully in coordination with the New Jersey MCL judge. Absent a stay, Plaintiff will be forced to file a complicated motion to compel in this case, simultaneous with similar motions to compel filed by other Tasigna plaintiffs in other federal courts.[1] This will require significant judicial resources across multiple courts and will undoubtedly lead to inconsistent rulings. Only a stay can avoid this potential waste of resources and the short delay contemplated—of less than 60 days—will result in no prejudice to Novartis.

For these reasons, Plaintiff respectfully requests that the Court issue an order staying all proceedings pending resolution of the motion to transfer.

## BACKGROUND

This case is one of a series of nearly 200 pending products liability cases filed against Novartis related to its drug Tasigna—a tyrosine kinase inhibitor approved for the treatment of chronic myelogenous leukemia. In all of these cases, the plaintiffs allege that Tasigna caused accelerated and severe atherosclerosis (narrowing of the arteries) that has caused them severe vascular injuries, including peripheral vascular disease, coronary artery disease, and cerebral vascular disease. Silverman Decl., at ¶ 3. There are currently 19 cases pending in 12 different federal districts and over 160 cases pending in the New Jersey MCL. *Id.*

---

[1] Upon information and belief, the plaintiffs in all pending federal Tasigna products liability cases intend to file similar motions to stay and, if not granted, will be forced to file substantially similar motions to compel against Novartis in their respective courts. *See* Declaration of Raymond C. Silverman, at ¶ 7.

On April 14, 2021, a motion to transfer was filed under 28 U.S.C. § 1407 with the JPML, seeking to transfer all 19 federal cases, including this case, to a federal judge within this Court for the purposes of pretrial coordination and consolidation. *Id.* at ¶ 4 and Ex. A. On May 6, 2021, Plaintiff filed an interested party response in support of the motion to transfer actions for coordinated pretrial proceedings. *Id.* at ¶ 4. and Ex. B. Briefing on this motion is complete and a hearing date has been set for July 29, 2021. *Id.* at ¶ 4. Based on prior precedent, Plaintiff anticipates a ruling from the JPML will issue in early August, less than 60 days from today. *Id.*

With respect to the New Jersey state court cases, on January 19, 2021, counsel for plaintiffs applied to the New Jersey Supreme Court for transfer and consolidation of all Tasigna cases. *Id.* at ¶ 5. On May 28, 2021, the New Jersey Supreme Court published its order transferring and consolidating all cases to Bergen County before Superior Court Judge Rachelle Harz. *Id.* at ¶ 5 and Ex. C. The initial case management conference is set for July 8, 2021. *Id.* at ¶ 5.

One of the first orders of business for the New Jersey court will be to resolve a global discovery dispute between all Tasigna plaintiffs and Novartis regarding Novartis's document production—a document production which Novartis has insisted will be made uniformly across all pending Tasigna cases. Counsel for all Tasigna plaintiffs and Novartis have been negotiating Novartis's production for over one year and—despite their best efforts—have been unable to reach agreement on a number of issues, including the identity and number of custodians whose files will be searched, the search terms to be employed for electronic files, and the non-custodial sources from which production should be made. *Id.* at ¶ 6.

Absent a stay, these discovery issues would likewise necessitate the intervention of the federal courts, including this one. The individual federal courts will have to entertain multiple

3

motions to compel, which—should the motion to transfer be granted—will result in an unnecessary waste of judicial resources and, likely, inconsistent rulings.

## ARGUMENT

While a motion to transfer under 28 U.S.C. § 1407 does not, in itself, stay the individual proceedings, "the granting of a motion to stay pending a ruling on the transfer motion is a matter of the district court's discretion." *Blackmore v. Smitty's Supply, Inc.*, 451 F. Supp. 3d 1003, 1004 (N.D. Iowa 2020). The "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 255 (1936). In considering whether to issue a stay pending a ruling on an application to transfer, courts consider "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Blackmore*, 451 F. Supp. 3d at 1004.

Following this law, courts routinely grant stays pending a ruling on a motion under section 1407, where, as here, multiple federal courts face pending or imminent motions necessitating them to rule on similar issues that could be addressed more efficiently by a consolidated ruling. *See Jewett v. Baxter*, No. CIV. 17-5036-JLV, 2017 WL 2389544, at *2 (D.S.D. June 1, 2017) (granting motion to stay because the court found that "the advantages of staying the case and conserving judicial resources outweigh the prejudice potentially inflicted on plaintiffs"); *Simpson v. Wright Med. Tech., Inc.*, No. 5:17-CV-00062 KGB, 2020 WL 3318001, at *1 (E.D. Ark. June 18, 2020) (finding that continuing without a stay in place "creates the risk of potentially duplicative motion practice and results in hardship to the parties … in a case that may be transferred elsewhere"); *Struthers v. Ocwen Loan Servicing, LLC*, No. 413CV00189SMRCFB, 2013 WL 12308089, at *3

(S.D. Iowa Nov. 12, 2013) ("the Court finds it prudent to stay these proceedings, thereby conserving its time and resources, pending the MDL Panel's ruling.").

The case for a stay is equally as strong here. Indeed, judicial economy strongly favors a stay in this case. Absent same, this and other federal courts will be burdened with deciding substantially similar and complicated motions to compel, involving, among other things, analyses as to the number and types of custodians whose files are to be searched, the search terms to be used in searching their electronic files, and the non-custodial sources from which productions should be made. The courts would be forced to engage in this process now, risking multiple inconsistent rulings. This duplicative work would be obviated if the JPML grants the motion to transfer. Further, Novartis will not be prejudiced by the short delay requested, particularly because the motion to transfer is fully briefed and will likely be decided in the next 60 days.

Moreover, the need for a stay is particularly strong given the recent New Jersey MCL designation and the opportunities created for an efficient coordination of the global Tasigna litigation. In mass tort litigation such as this, federal courts are strongly encouraged to explore coordination with state courts to, among other things, maximize judicial economy and avoid, where possible, inconsistent rulings. *See Dunlavey v. Takeda Pharms. Am., Inc.*, 2012 WL 3715456, at *2 (W.D. La. 2012); (citing *Manual for Complex Litigation* (Fourth) (the "*Manual*") §§ 20.311 and 20.313 (2004)). With creation of the New Jersey MCL, the motion to transfer under section 1407 presents a unique opportunity to efficiently handle an extensive body of cases, avoiding many hardships and costs to the courts, counsel, and the litigants that would occur absent coordination. The promise of this global coordination will be significantly undermined if this and other federal courts entertain global discovery disputes before the motion to transfer is decided.

Judicial economy thus favors a short stay of the proceedings pending the imminent ruling on the transfer motion.

## CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court issue an order staying all proceedings pending resolution of the motion to transfer.


Dated: June 22, 2021

Respectfully submitted,

/s/ Raymond C. Silverman
Raymond C. Silverman
**Parker Waichman LLP**
6 Harbor Park Drive
Port Washington, New York 11050
Ph: 516-466-6500
Facsimile: 516-466-6665
rsilverman@yourlawyer.com

Tatum O'Brien, Esq. (ND ID #05985)
**O'KEEFE O'BRIEN LYSON FOSS ATTORNEYS**
720 Main Avenue
Fargo, ND  58103
Telephone: 701-235-8000
tatum@okeeffeattorneys.com


*Attorney for Plaintiff*